## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THE HAWK MOUNTAIN LLC, GIGI ) 
JORDAN, MICHELLE E. MITCHELL, ) 
and KIMBERLY JORDAN, ) 
 ) 
      Plaintiffs, ) 
 ) 
    v. )    Civil Action No. 13-2083-SLR-SRF
 ) 
RAYMOND A. MIRRA, JR., RAM ) 
CAPITAL GROUP, LLC D/B/A RAM ) 
CONSULTING GROUP, LLC, RAM ) 
CAPITAL II, LLC, RAM REALTY ) 
HOLDINGS, LLC, JOSEPH A. TROLIO, ) 
JR., JOSEPH T. MOLIERI, BRUCE ) 
KOLLEDA, MARK A. KOVINSKY, ) 
JOSEPH J. TROPIANO, JR., LLC, ) 
BERNARD EIZEN, PATRICK J. WALSH, ) 
DANIELLE STEWART, RENEE M. ) 
SIGLOCH, FREDERICK FORTE, ) 
VIRGINIA L. HALL, BARI KUO, and ) 
SHELLY DEMORA, ) 
 ) 
      Defendants. ) 

## MEMORANDUM ORDER

At Wilmington this 19 th day of February, 2016, the court having considered the letter

briefs and arguments presented by the parties regarding the RAM Defendants' request for an

order recognizing a subject matter waiver of the attorney-client privilege with respect to the

contents of the Woodhouse Affidavit, (D.I. 390; D.I. 394; 2/16/16 Tr.), IT IS HEREBY

ORDERED that the RAM Defendants' motion is granted for the reasons set forth below.

**1. Background.** During plaintiff Gigi Jordan's ("Jordan") criminal prosecution, she

publicly filed a fact affidavit prepared by her former attorney, Gay Woodhouse ("Woodhouse"),

which described the content of certain communications between Jordan and Woodhouse in late

2009 and early 2010 (the "Woodhouse Affidavit"). (D.I. 390, Ex. A)  Specifically, the

Woodhouse Affidavit identified the concerns expressed by Jordan that defendant Ray Mirra ("Mirra") had committed fraud against her and intended to have her harmed, and described Woodhouse's advice to help Jordan cease relying on Mirra and his associates for help with financial services. (*Id.*) Jordan also described the legal advice she received from Woodhouse in an email sent on February 5, 2010, which was sent to a number of recipients, including non-attorneys, and was subsequently made public. (*Id.*, Ex. E) Specifically, the email stated that Woodhouse "advised [Jordan] to effect a final attempt to liquidate all of the assets under old accounts that [Mirra] had anything to do with including the swiss [sic] money and get away from [Mirra] entirely. Get [her] own accountants, lawyers, etc." (D.I. 390, Ex. E at 10)

**2.** On October 22, 2015, the RAM Defendants filed a notice of subpoena requiring Woodhouse to testify at a deposition to be held on December 10, 2015. (D.I. 296) On November 24, 2015, Woodhouse's counsel contacted the RAM Defendants, copying plaintiffs' counsel and stating Woodhouse's intention to assert the attorney-client privilege during the deposition. (D.I. 390, Ex. B at 4-5) On the following day, the RAM Defendants responded that the Woodhouse Affidavit filed in Jordan's criminal prosecution publicly disclosed privileged communications between Woodhouse and Jordan, thereby serving as a subject matter waiver of the privilege. (*Id.* at 3) On January 4, 2016, the parties met and conferred, and agreed not to schedule Woodhouse's deposition until after the court resolved the issue of the scope of the privilege waiver. (D.I. 390 at 2; 2/16/16 Tr. at 8:22-9:23)

**3. Legal Standard.** Rule 502 of the Federal Rules of Evidence adopts a national standard to govern the intentional waiver of the attorney-client privilege. *Rhoads Indus., Inc. v. Bldg., Materials Corp. of Am.*, 254 F.R.D. 216, 217-18 (E.D. Pa. 2008). Rule 502(a) provides that a waiver of the attorney-client privilege "extends to an undisclosed communication or

2

information in a federal or state proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) "they ought in fairness to be considered together." Fed. R. Evid. 502(a); *see also United States v. Veolia Env't N. Am. Operations, Inc.*, C.A. No. 13-03-LPS, 2013 WL 5779653, at *8 (D. Del. Oct. 25, 2013). "Thus, under Rule 502(a), the deliberate disclosure of privileged or protected information may lead to the compelled disclosure of additional privileged or protected information, if they concern the same subject matter and ought in fairness to be considered together." *Shionogi Pharma, Inc. v. Mylan Pharm., Inc.*, C.A. No. 10-1077, 2011 WL 6651274, at *3 (D. Del. Dec. 21, 2011).

**4.** The Explanatory Note to Rule 502 provides guidance regarding application of the fairness prong:

> The Rule provides that a voluntary disclosure in a federal proceeding . . . if a waiver, generally results in a waiver only of the communications or information disclosed; a subject matter waiver . . . is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary . . . . Thus, subject matter waiver is limited to situations in which a party intentionally puts protected information into the litigation in a selective, misleading and unfair manner.

Fed. R. Evid. 502(a) advisory committee's note to 2008 amendment. "The idea is to limit subject matter waiver to situations in which the privilege holder seeks to use the disclosed material for advantage in the litigation but to invoke the privilege to deny its adversary access to additional materials that could provide an important context for proper understanding of the privileged materials." Charles Alan Wright et al., *Federal Practice & Procedure* vol. 8, § 2016.2 (3d ed. 1995, Suppl. 2010). The scope of a subject matter waiver is generally narrow, even when the disclosure of attorney-client privileged

3

information is intentional. *Seyler v. T-Systems N.A., Inc.*, 771 F. Supp. 2d 284, 287-88

(S.D.N.Y. 2011).

**5.** Rule 502(c) specifically applies to the scope of a waiver in federal court resulting

from a disclosure made in state court. The Rule provides that,

> [w]hen the disclosure is made in a state proceeding and is not the subject of a
> state-court order concerning waiver, the disclosure does not operate as a waiver in
> a federal proceeding if the disclosure: (1) would not be a waiver under this rule if
> it had been made in a federal proceeding; or (2) is not a waiver under the law of
> the state where the disclosure occurred.

Fed. R. Civ. P. 502(c). The explanatory note to this subdivision indicates that, when "the state

and federal laws are in conflict on the question of waiver . . . the proper solution for the federal

court is to apply the law that is most protective of privilege and work product."

**6.** New York case law provides that a client may waive the attorney-client privilege (1)

by placing "the subject matter of the privileged communication in issue or where invasion of the

privilege is required to determine the validity of the client's claim or defense and application of

the privilege would deprive the adversary of vital information," *Tupi Cambios, S.A. v.

Morgenthau*, 989 N.Y.S.2d 572, 575 (N.Y. Sup. Ct. 2014) (quoting *Jakobleff v. Cerrato,

Sweeney & Cohn*, 97 A.D.2d 834, 835 (N.Y. App. Div. 1983)); or (2) "by placing the subject

matter of counsel's advice in issue and by making selective disclosure of such advice," *id.*

(quoting *Orco Bank, N.V. v. Proteinas Del Pacifico, S.A.*, 179 A.D.2d 390 (N.Y. App. Div.

1992)). These forms of "at issue" waiver continue to be recognized under New York law

following the amendments to Rule 502. *See Tupi Cambios*, 989 N.Y.S.2d at 575; *People ex rel.

Cuomo v. Greenberg*, 63 A.D.3d 576, 577-78 (N.Y. App. Div. 2009).

**7. Analysis.** As a preliminary matter, the court concludes that this issue is ripe for

review. The parties agree that the privilege has been waived with respect to the Woodhouse

4

Affidavit, and the only remaining dispute is to determine whether the scope of the waiver extends to the subject matter of the Woodhouse Affidavit. The cases cited by plaintiffs in support of the proposition that a ruling from the court at this time would constitute an advisory opinion are inapposite, because each of those cited cases involved a request for a protective order prior to a deposition, as opposed to the establishment of a subject matter waiver based on evidence already in the record. *See U.S. v. Educ. Mgmt. LLC*, 2014 WL 1391079, at *5 (W.D. Pa. Feb. 7, 2014); *V. Mane Fils, S.A. v. Int'l Flavors & Fragrances, Inc.*, 2008 WL 3887621, at *4 (D.N.J. Aug. 20, 2008); *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 429, 437-38 (E.D. Pa. 1981) (dealing with a motion for a protective order, not a deposition); *EEOC v. Lifecare Mgmt. Servs., LLC*, 2009 WL 772834, at *2 (W.D. Pa. Mar. 17, 2009); *EEOC v. Corr. Corp. of Am.*, 2007 WL 4403528, at *2 (D. Colo. Dec. 13, 2007).

**8.** Moreover, the record reflects that the parties reached an express agreement to postpone the Woodhouse deposition pending the court's resolution of this issue during the meet and confer process. (2/16/16 Tr. at 8:22-9:23) Subsequent efforts by plaintiffs' counsel to allege that the Woodhouse deposition must go forward before the court may properly resolve the dispute regarding the privilege waiver run contrary to the intended purpose of the meet and confer process. *See* Order Regarding Discovery Matters, rev. 2/5/13 at n.1 ("Counsel are expected to first **verbally** discuss the issues/concerns before seeking the Court's intervention.").

**9.** Next, the court must determine whether New York law is more protective than Rule 502 in accordance with the advisory committee's notes to Rule 502(c). The court concludes that it is not. The explanatory notes to Rule 502(a) provide that "a subject matter waiver . . . is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to

the disadvantage of the adversary." Fed. R. Evid. 502(a) advisory committee's note to 2008
amendment. This principle is no less protective than the "selective disclosure" waiver
recognized under New York state law, which provides that a party waives the attorney-client
privilege "by placing the subject matter of counsel's advice in issue and by making selective
disclosure of such advice." *Orco Bank*, 179 A.D.2d at 390 (citing *Village Bd. of Pleasantville v.
Rattner*, 130 A.D.2d 654 (N.Y. App. Div. 1987)); *see also Am. Re-Ins. Co. v. United States Fid.
& Guar. Co.*, 40 A.D.3d 486, 492 (N.Y. App. Div. 2007) ("It reflects the principle that privilege
is a shield and must not be used as a sword."). In view of the fact that no conflict exists and New
York state law provides no greater protection than Rule 502, the court will apply federal law in
accordance with the advisory notes to Rule 502(c).

**10.** Turning to an analysis of the scope of the privilege waiver in the present case
pursuant to Rule 502, the court notes that the first two prongs of the test are met because there is
no dispute that the waiver is intentional, and there is no dispute that the undisclosed information
sought by the RAM Defendants concerns the same subject matter as the Woodhouse Affidavit.
(D.I. 394 at 2) ("It cannot be disputed that the Woodhouse affidavit disclosed communications
between she and Ms. Jordan that typically would fall well within the attorney-client privilege.")
The parties' dispute centers on the third prong, regarding whether the information disclosed
ought in fairness be considered with the information sought.

**11.** In the present case, Jordan intentionally filed the Woodhouse Affidavit in her state
court criminal proceeding in support of her motion for bail. (D.I. 390, Ex. A) The Woodhouse
Affidavit is a factual summary of the advice provided by Woodhouse to Jordan in 2009 and 2010
in Woodhouse's capacity as Jordan's attorney. (*Id.*) The case law supports a subject matter
waiver under such circumstances. "[C]alling one's attorney as a fact witness in a prior

6

proceeding constitutes a waiver of the attorney-client privilege, at least regarding the subject of the testimony adduced in the prior proceeding." *U.S. v. Titchell*, 261 F.3d 348, 352 (3d Cir. 2001). The information that the RAM Defendants intend to pursue during Woodhouse's deposition relates to the same subject matter as the Woodhouse Affidavit. Jordan cannot fairly use Woodhouse's characterizations of her legal advice in support of her motion for bail while shielding further exploration of the nature of that advice during her deposition under the guise of the attorney-client privilege.

**12. Conclusion.** In view of the foregoing analysis, the RAM Defendants' motion is granted as to the subject matter waiver over certain communications between Jordan and Woodhouse set forth in the Woodhouse Affidavit. Specifically, the attorney-client privilege does not apply to questions at the Woodhouse deposition regarding the subject matter of the Woodhouse Affidavit. The subject matter waiver is limited to the concerns expressed by Jordan that Mirra had committed fraud against her and intended to have her harmed, and that Jordan wanted to cease relying on Mirra and his associates for help with financial services.

**13.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**14.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

7