## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THE HAWK MOUNTAIN LLC, GIGI )
JORDAN, MICHELLE E. MITCHELL, )
and KIMBERLY JORDAN, )
    )
    Plaintiffs, )
    )
v. )     Civil Action No. 13-2083-SLR-SRF
    )
RAYMOND A. MIRRA, JR., RAM )
CAPITAL GROUP, LLC D/B/A RAM )
CONSULTING GROUP, LLC, RAM )
CAPITAL II, LLC, RAM REALTY )
HOLDINGS, LLC, JOSEPH A. TROLIO, )
JR., JOSEPH T. MOLIERI, BRUCE )
KOLLEDA, MARK A. KOVINSKY, )
JOSEPH J. TROPIANO, JR., LLC, )
BERNARD EIZEN, PATRICK J. WALSH, )
DANIELLE STEWART, RENEE M. )
SIGLOCH, FREDERICK FORTE, )
VIRGINIA L. HALL, BARI KUO, and )
SHELLY DEMORA, )
    )
    Defendants. )

## MEMORANDUM ORDER

At Wilmington this 3rd day of June, 2016, the court having considered the letter briefs

and arguments presented by the parties regarding the RAM Defendants' request for sanctions

pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure for plaintiffs' failure to

comply with the court's October 28, 2015 order to produce the McCaffrey documents by

November 6, 2015 (D.I. 292; D.I. 297; D.I. 335; D.I. 343; D.I. 361; D.I. 362; 10/28/15 Tr.;

12/7/15 Tr.), IT IS HEREBY ORDERED that the RAM Defendants' motion is granted for the

reasons set forth below.

**1. Background.** On July 13, 2015, third party Carlyn McCaffrey[1] was served with a document subpoena seeking documents relevant to allegations that defendants corresponded with McCaffrey in 2010 in an effort to obtain a fraudulent release from Jordan. (D.I. 222) No objection was made to the scope of the subpoena at the time it was served. In response to the subpoena, McCaffrey produced the requested documents to plaintiffs in two subsets on August 31, 2015 and September 14, 2015, respectively. (D.I. 335, Exs. D-E) McCaffrey's production letters provided Bates ranges and page counts for the documents produced, identifying a total of 17,015 pages. (*Id.*) Pursuant to an agreement between plaintiffs and the RAM Defendants, plaintiffs were to produce the McCaffrey documents to the RAM Defendants by no later than September 24, 2015, after reviewing the documents for privileged material. (D.I. 335, Ex. B at 1-3; Ex. C) ("I propose simply assigning the 10 day period to all responsive tenders.") On September 25 and September 28, 2015, plaintiffs attempted to make a partial production, but did not furnish the appropriate data load files, which resulted in improper pagination and no metadata. (D.I. 292, Exs. I-J)

**2.** On October 13, 2015, the RAM Defendants demanded production of the McCaffrey documents. (D.I. 292, Ex. G) Plaintiffs responded on October 20, 2015, indicating that confidential attorney-client communications throughout the production had required further review and delayed production. (*Id.*, Ex. H) During a discovery dispute hearing before the court on October 28, 2015, the court ordered plaintiffs to complete the production of the McCaffrey documents by November 6, 2015. (10/28/15 Tr. at 40:10-12; 43:22-44:1) ("Come hell or high water, we will have those documents fully redacted and furnished to the defendants by

---

[1] McCaffrey is a New York trust and estates attorney who was retained by Jordan on or about April 2010 to advise Jordan in connection with the distribution of assets under the HM Trust. (D.I. 47 at ¶ 184) Specifically, McCaffrey advised Jordan in connection with a proposed release and waiver of accounting for the HM Trust in May 2010. (*Id.* at ¶ 190)

[November 6].") On November 6, 2015, plaintiffs failed to produce 4,100 documents of McCaffrey's 17,015 page production, and also failed to produce the appropriate data load files for any of the documents.

**3.** The RAM Defendants again raised the deficiencies in the McCaffrey production during the discovery dispute hearing before the court on December 7, 2015. (12/7/15 Tr. at 78:21-83:12) Plaintiffs represented that they "ha[d] furnished every single document that McCaffrey furnished to [them]," and asserted that any gaps in the Bates numbers indicated that plaintiffs did not have those documents in their possession. (*Id.* at 84:23-85:1, 93:20-24) The court reserved judgment on the RAM Defendants' motion for sanctions and ordered the parties to account for the missing documents within a week. (*Id.* at 100:17-21)

**4.** Following the December 7, 2015 discovery dispute hearing, McCaffrey's firm confirmed that 17,015 pages were produced to plaintiffs in August and September 2015. (D.I. 361, Ex. B) Plaintiffs acknowledged various oversights in their production to the RAM Defendants and produced an additional 4,189 documents to the RAM Defendants between December 8 and 11, 2015. (D.I. 361, Exs. D-G)

**5. Legal Standard.** Federal Rule of Civil Procedure 37(b)(2) authorizes a district court to impose sanctions should a party fail to obey an order to provide or permit discovery. *Wallace v. Graphic Mgmt. Assocs.*, 197 F. App'x 138, 141 (3d Cir. 2006). Rule 37(b)(2)(C) provides that the court may "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The court has broad discretion regarding the type of sanctions imposed if the

3

sanctions are just and are related to the claims at issue. *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006).

**6. Analysis.** The RAM Defendants' motion for sanctions under Rule 37(b)(2)(C) is granted. The parties do not dispute that on October 28, 2015, the court ordered plaintiffs to produce the remaining McCaffrey documents by November 6, 2015, a deadline which was suggested by plaintiffs' counsel.[2] (10/28/15 Tr. at 40:10-12, 43:22-44:1) Plaintiffs do not dispute that the allegedly missing documents were in their possession prior to November 6, and yet they failed to produce them to the RAM Defendants. (D.I. 361, Ex. C at 1) ("With regard to any deficiency regarding any other document or group of pages, we make no claim that we did not possess those pages, or that there was any technical problem for which we seek to avoid responsibility.") In this regard, there is no dispute that plaintiffs have failed to comply with the court's October 28, 2015 order compelling production by November 6, 2015. Therefore, sanctions are warranted under Rule 37(b)(2)(C).[3]

**7.** An award of sanctions in the form of attorneys' fees and costs incurred in connection with the present dispute is just under the facts of this case. Although plaintiffs' counsel represented to the court that they "have furnished every single document that McCaffrey furnished to [them]" during the December 7, 2015 hearing (12/7/15 Tr. at 84:23-85:1), a number

---

[2] The court selected the November 6 date with respect to the order compelling defendants to complete their production in response to plaintiffs' RFPs. (10/28/15 Tr. at 29:23-30:14) Counsel for plaintiffs took the initiative to offer this date for completion of the McCaffrey production. (*Id.* at 40:10-12)

[3] A magistrate judge has the authority to impose sanctions for discovery-related misconduct pursuant to Rule 37(b)(2)(C). *Deville v. Givaudan Fragrances Corp.*, 419 F. App'x 201, 207-08 (3d Cir. 2011) ("Although the Magistrate Judge's oral opinion is unclear as to whether she rendered her sanctions pursuant to Rule 30 as well as to Rule 37, it certainly would have been within her discretion to do so."). The authority of a magistrate judge is only restricted with respect to findings of contempt, which are available under Rule 37(b)(2)(A)(vii), but are not sought in connection with the present dispute. 28 U.S.C. § 636(e)(6)(B)(iii); *see also Wallace v. Kmart Corp.*, 687 F.3d 86, 91-92 (3d Cir. 2012).

4

of the missing pages were listed on a redaction log of documents reviewed by plaintiffs (D.I. 361, Ex. A at 2). In addition, the load files sent to the RAM Defendants on November 6, 2015 included pages in plaintiffs' possession, but not produced to the RAM Defendants. (*Id.*) On December 10, 2015, an attorney at McCaffrey's firm confirmed that McCaffrey had transmitted all 17,015 pages to plaintiffs in August and September 2015. (D.I. 361, Ex. B) These documented facts demonstrate that plaintiffs could have detected and corrected the discrepancies independently, and should have been alerted to correct the deficiencies upon notification by the RAM Defendants through extensive correspondence with the RAM Defendants regarding this issue (D.I. 292, Exs. G, K-M), and discovery dispute briefing in preparation for hearings before the court addressing the issue (D.I. 292; D.I. 335).

**8.** In their responsive submission, plaintiffs list a series of factors the court must consider in evaluating a motion for sanctions pursuant to Rule 37(b). (D.I. 362 at 2) However, the cases relied upon by plaintiffs addressed factors to be considered when the sanction to be imposed would result in dismissal of the action pursuant to Rule 37(b)(2)(A). *See Ali v. Sims*, 788 F.2d 954, 957 (3d Cir. 1986) (imposition of sanctions resulted in grant of partial summary judgment); *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984) ("[W]e recapitulated the appropriate factors that the trial court must consider before dismissing a complaint or entering a judgment of default as a sanction."); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (same). The sanctions requested in the present matter are limited to the fees and costs associated with the motions at D.I. 335 and D.I. 361 pursuant to Rule 37(b)(2)(C) in connection with the RAM Defendants' repeated efforts to obtain compliance with the court's October 28, 2015 discovery order compelling production of the McCaffrey documents. Imposition of the requested sanctions in the present matter pursuant to Rule 37(b)(2)(C) has no bearing on the

5

outcome of the litigation or the exclusion of evidence pursuant to Rule 37(b)(2)(A). Plaintiffs' cited cases and the structure of plaintiffs' analysis are therefore inapposite.

**9.** Plaintiffs' counsel argues that sanctions for noncompliance with the court's October 28, 2015 discovery order are unwarranted because the McCaffrey documents are "facially and substantively innocuous" and were already in the RAM Defendants' possession. (D.I. 362 at 2) The Third Circuit has held that such arguments do not excuse a party's failure to comply with an issued discovery order. *See McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 249 (3d Cir. 2014) (rejecting argument that sanctions should not be imposed because documents were irrelevant).

**10.** The court has carefully considered the conduct that necessitated the pending motion. Discovery in the case has not progressed seamlessly. The "meet and confers" required in advance of court intervention do not appear to have been particularly meaningful. Throughout the discovery period, court intervention has proceeded on a recurring basis, so much so that the court imposed limitations on discovery dispute procedures specific to this case. (12/7/15 Tr. at 4:2-7:18) With respect to the document production that is the subject of the pending motion, there were assurances by plaintiffs of a complete production to defendants no later than November 6, 2015, which did not occur. This deficiency was followed by a representation to the court on December 7, 2015 that a complete production had been made, which turned out to be inaccurate.

**11. Conclusion.** In view of the foregoing analysis, the RAM Defendants' motion for sanctions is granted. Within thirty (30) days of the date of this order, the RAM Defendants are to provide the court and opposing counsel with an accounting of attorneys' fees and costs limited to

their efforts to obtain production of the McCaffrey documents by filing the motions at D.I. 335 and D.I. 361, and a form of Order for the relief requested.

**12.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**13.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE