# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE HAWK MOUNTAIN LLC, GIGI JORDAN, MICHELLE E. MITCHELL, and KIMBERLY JORDAN, <br><br> Plaintiffs, <br><br> v. <br><br> RAYMOND A. MIRRA, JR., RAM CAPITAL GROUP, LLC D/B/A RAM CONSULTING GROUP, LLC, RAM CAPITAL II, LLC, RAM REALTY HOLDINGS, LLC, JOSEPH A. TROLIO, JR., JOSEPH T. MOLIERI, BRUCE KOLLEDA, MARK A. KOVINSKY, JOSEPH J. TROPIANO, JR., LLC, BERNARD EIZEN, PATRICK J. WALSH, DANIELLE STEWART, RENEE M. SIGLOCH, FREDERICK FORTE, VIRGINIA L. HALL, BARI KUO, and SHELLY DEMORA, <br><br> Defendants. | Civil Action No. 13-2083-SLR-SRF |

## MEMORANDUM ORDER

At Wilmington this 3rd day of June, 2016, the court having considered the letter briefs and arguments presented by the parties regarding re-opening the deposition of defendant Mark Kovinsky for two hours of additional questioning pursuant to Rule 37(b) of the Federal Rules of Civil Procedure (D.I. 337; D.I. 344; D.I. 359; D.I. 363), IT IS HEREBY ORDERED that plaintiffs' motion is denied for the reasons set forth below.

**1. Background.** On August 18, 2015, plaintiffs served their requests for production of documents on defendants. (D.I. 235) By September 25, 2015, defendants had produced more than 8,000 documents. (12/7/15 Tr. at 11:11-15) On September 30, 2015, defendants represented that their document production was substantially complete. (*Id.* at 11:4-8)

2. On October 19, 2015, plaintiffs indicated that the RAM Defendants' production of certain corporate records was incomplete. (D.I. 344, Exs. 1-2) In response to plaintiffs' correspondence, the RAM Defendants produced an additional 3,500 pages of documents on October 26, 2015. (12/7/15 Tr. at 12:6-11)

3. On October 27, 2015, the deposition of defendant Mark Kovinsky was taken. (D.I. 244)

4. The court held a discovery dispute hearing on October 28, 2015, during which the court expressed concern that the RAM Defendants had overlooked a collection of significant documents in their production. (10/28/15 Tr. at 16:2-16) The court ordered the RAM Defendants to conduct a review and ensure that no further document collections had been overlooked. (*Id.* at 21:12-22:11)

5. After conducting the review pursuant to the court's October 28, 2015 order, the RAM Defendants produced additional material regarding corporate records on November 6, 2015. (12/7/15 Tr. at 28:7-11) On November 9, 2015, the RAM Defendants contacted plaintiffs indicating that additional documents were inadvertently omitted from the review process. (D.I. 342, Ex. 2) On November 10, 2015, the RAM Defendants produced an additional 600 documents in accordance with their representation on November 9. (12/7/15 Tr. at 29:22-24)

6. Plaintiffs moved for sanctions pursuant to Rule 37 following the RAM Defendants' belated production, requesting two additional hours to depose defendant Kovinsky in addition to an award of costs associated with the proceeding. (D.I. 337 at 1-2) A hearing was held before the court on December 7, 2015. The court observed that plaintiffs were unable to identify any specific line of inquiry they would have pursued during Kovinsky's deposition had the documents been produced in a timely manner, and reserved judgment on the Rule 37 motion on

that basis. (12/7/15 Tr. at 21:21-22:12; 35:14-37:4) The court further requested that plaintiffs attach a proposed notice of deposition along with their supplemental filing to clarify the precise subject matter to be covered in a supplemental deposition of Kovinsky. (*Id.* at 35:24-36:11) ("I think it would be helpful, Mr. Brenner, if you could attach as an exhibit to the Plaintiff's submission, a form of proposed deposition notice that would outline the topics upon which you intend to cover with Mr. Kovinsky . . . .") Plaintiffs' supplemental submission was not accompanied by a proposed notice of deposition.

7. **Legal Standard.** Federal Rule of Civil Procedure 37(b)(2) authorizes a district court to impose sanctions should a party fail to obey an order to provide or permit discovery. *Wallace v. Graphic Mgmt. Assocs.*, 197 F. App'x 138, 141 (3d Cir. 2006). Rule 37(b)(2)(C) provides that the court may "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The court has broad discretion regarding the type of sanctions imposed if the sanctions are just and are related to the claims at issue. *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006).

8. **Analysis.** Plaintiffs have failed to show that the RAM Defendants did not comply with a court order, as required to obtain sanctions pursuant to Rule 37(b).[1] Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders."). On October 28, 2015, the court stated, "All I can do is accept the representations of the RAM defendants that I've heard today,

---

[1] Although plaintiffs do not identify a basis in the Federal Rules for their requested sanctions in the most recent submission (D.I. 359), their original submission on this issue requests sanctions pursuant to Rule 37(b) (D.I. 337).

that a full and complete production has been made and that they are further buttoning it up to make sure that that is the case." (10/28/15 Tr. at 21:12-15) The record shows that, following the hearing, the RAM Defendants conducted an additional investigation pursuant to the court's instructions, which revealed additional missing documents. All of the documents were produced to plaintiffs by November 11, 2015.

**9.** Moreover, plaintiffs have failed to comply with the portion of the court's December 7, 2015 order instructing plaintiffs' counsel to include as an exhibit to the supplemental submission a proposed notice of deposition outlining the topics to be covered in a supplemental deposition of Kovinsky. (12/7/15 Tr. at 35:24-36:11) As a result, plaintiffs have not clearly identified the precise line of inquiry warranting an additional deposition of Kovinsky. The court finds it difficult to grant plaintiffs' motion for sanctions pursuant to Rule 37 when plaintiffs themselves have failed to comply with the court's December 7, 2015 discovery order in this regard.

**10.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**11.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE