IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THE HAWK MOUNTAIN LLC, et al.,

Plaintiffs,

v.

RAYMOND A. MIRRA, JR., et al.,

Defendants.

Civil Action No.
1:13-cv-02083-RGA-SRF

**MEMORANDUM ORDER**

Presently before me is Defendants' Motion to Review Taxation of Costs. (D.I. 483). The Parties have fully briefed the issues. (D.I. 483, 484, 485). For the reasons set out below, I will **GRANT** Defendants' motion and allow them to recover costs beyond the amount initially granted by the Clerk.

This Court granted Defendants' motion to dismiss and closed this case on August 31, 2016. (D.I. 472). Plaintiffs appealed that decision to the Third Circuit. (D.I. 473). The Third Circuit affirmed the Court's decision on May 12, 2017. (D.I. 475). That affirmance conclusively resolved this case. Accordingly, Defendants filed a Bill of Costs with the Clerk seeking to recover $51,683.52 in costs from Plaintiffs. (D.I. 476). On October 24, 2018, the Clerk granted $1,985.00 of Defendants' requested costs and denied the balance. (D.I. 482). The Parties do not dispute the propriety of the costs that the Clerk granted. (D.I. 484 at 13).

I. **LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) provides, "costs—other than attorney's fees—should be allowed to the prevailing party." The "costs" which should be allowed under Rule

54(d) are defined narrowly by 28 U.S.C. § 1920. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) ("Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts.").

This Court has adopted District of Delaware Local Rule 54.1 as the standard under which the Clerk determines the amount of costs taxable by a prevailing party.[1] The Local Rule is meant to implement the "'strong presumption' that costs are to be awarded to the prevailing party." *Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010).

Rule 54(d)(1) and Local Rule 54.1 provide that a party may seek review of the Clerk's decision within seven days of service. "A district court's review of the clerk's determination of costs is *de novo*." *Id.* Due to the discretionary nature of the costs determination, judges in this District have reached different conclusions when faced with requests to review the Clerk's determination. *Compare Sanofi v. Glenmark Pharm., Inc.*, 2018 WL 64278701 (D. Del. Dec. 7, 2018), *with Walker Digital, LLC v. Google, Inc.*, 2016 WL 1553974 (D. Del. April 12, 2016), *and Bethea v. Rash*, 2015 WL 4477693 (D. Del. July 22, 2015).

## II. DISCUSSION

### A. Defendants are Prevailing Parties

Plaintiffs argue that it is premature to decide whether Defendants are prevailing parties in this action. (D.I. 484 at 6-7). Their argument is essentially that the continued use of discovery obtained in this matter, in a related matter[2] ("companion case"), prevents the Court from

---

[1] Assessment of costs is a clerical matter appropriate for the court clerk. *Taniguchi*, 566 U.S. at 573.
[2] *Jordan v. Mirra.*, 1:14-cv-01485-GAM (D. Del.).

2

deciding a prevailing party. In support of their novel position, Plaintiffs cite cases which confirm the inappropriateness of deciding a prevailing party while some claims remain unresolved in a case. (*See id.* at 7-8 (citing *A.H.D.C. v. City of Fresno*, 2002 WL 34575401 at *15 (E.D. Cal., Oct. 17, 2002); *Va. Panel Corp. v. Mac Panel Co.*, 887 F. Supp. 880, 886 (W.D. Va. 1995))). Those cases do not, however, address the appropriateness of deciding a prevailing party when no claims remain pending. And, unlike those cases, the outcome of this case is set. Regardless of whether Defendants prevail in the companion case, they prevailed on the claims at issue in this case. The outcome of the companion case will not change that result. Thus, the Clerk was correct to consider Defendants' request for costs.[3]

*B. Transcript Costs*

Defendants request the cost of twelve transcripts: nine discovery dispute conferences, a status conference, a scheduling conference, and an oral argument on a motion to dismiss. (D.I. 483 at 4-5). The Clerk denied this request entirely. (D.I. 482 at 4-5). I agree with the Clerk's conclusion that Defendants' request does not meet the requirements of Local Rule 54.1(b)(2) (transcripts are "taxable when requested by the Court or prepared pursuant to stipulation"). I will, however, exercise my discretion to grant costs beyond those listed in the Local Rule.

Section 1920 allows a party to recover the cost of transcripts "necessarily obtained for use in the case." Defendants argue that when a transcript contains a ruling it is reasonably necessary for the parties to obtain a copy. (D.I. 483 at 3-4). I agree. It is necessary to the orderly progression of a case for the parties to know what, exactly, the ourt ordered. Due to

---

[3] Plaintiffs' objection to the Clerk's Taxation of Costs is also untimely. Local Rule 54.1(d) provides that an "opposing party may, within 7 days of service, file a motion for review of the decision of the Clerk in the taxation of costs." Plaintiffs did not file a motion for review of the Clerk's decision, and instead raised this argument for the first time in their opposition to the present motion—well past seven days after service.

3

limitations imposed by the Court, the only way for a party to confirm exactly what a judge ordered during a conference is via the official transcript. The transcript served as the Court's order for each of the nine discovery disputes. (*Id.* at 4-5). Accordingly, I will grant Defendants' request for the cost of the discovery dispute transcripts, which is $3,203.09.

I will, however, deny Defendants' request for the cost of the status conference, scheduling conference, and oral argument transcripts. Defendants cite pages in each transcript which allegedly contain necessary Court guidance, but they have not provided me a copy of those transcripts. I am not convinced that the transcripts were necessary based on Defendants' representation of their contents. A transcript is not necessary simply because the Court "provided guidance regarding the scheduling order" or the Court "inform[ed] the parties that it [would] enter the scheduling order." (*Id.*). That is the type of information which the Parties are expected to take note of during their interactions with the Court, but it is not the type of information that renders obtaining a copy of a transcript necessary.

*C. Discovery Related Costs*

Defendants request deposition transcript costs and exemplification, printing, and copying costs. (*Id.* at 5-20). The Clerk denied these requests entirely as not meeting the standards set in the Local Rules. (D.I. 482 at 5-6). Costs for deposition transcripts under Local Rule 54.1(b)(3) are allowed "where a substantial portion of the deposition is used in the resolution of a material issue in the case." The Local Rule also allows recovery of exemplification, printing, and copying costs for documents filed with the Court or admitted into evidence. D. Del. L.R. 54.1(b)(4). Local Rule 54.1 further requires that "[t]he bill of costs . . . clearly describe each item of cost." I agree with the Clerk's finding that Defendants failed to meet this standard.

4

The cost of obtaining deposition transcripts was not necessary to this case. The Court resolved this case on a motion to dismiss for failure to state a claim. Rule 12(b)(6) motions to dismiss, by definition, consider only the allegations contained in the complaint. Thus, the case never progressed to a point where Defendants would have had a court-driven reason to acquire deposition transcripts. I will deny Defendants' request that I deviate from the Clerk's determination on the cost of deposition transcripts.

The Clerk also correctly denied exemplification, printing, and copying costs. Defendants do not submit the requested costs with sufficient detail. Beyond failing to meet the standard set in the Local Rule, Defendants make no attempt to identify what portion of the scanned documents they produced. It is my view that only costs associated with documents requested and received by the losing party should be awarded in any case. *See Sanofi*, 2018 WL 64278701 at *3. Thus, I will deny Defendants' request.[4]

### III. CONCLUSION

Defendants' Motion to Review Taxation of Costs (D.I. 483) is **GRANTED**. The total costs hereby taxed in favor of Defendants Shelly Demora, Frederick Forte, Virginia L. Hall, Bruce Kolleda, Mark A. Kovinksky, Bari Kuo, Raymond A. Mirra, Jr., Joseph T. Molieri, RAM Capital Group, LLC, RAM Capital II, LLC, RAM Realty Holdings, LLC, Renee M. Sigloch, Danielle Stewart, Joseph A. Troilo, Jr., and Joseph J. Tropiano, Jr. and against Plaintiffs The Hawk Mountain LLC, Gigi Jordan, Michelle E. Mitchell, and Kimberly Jordan, together with interest and the applicable post-judgment rate specified in 28 U.S.C. § 1961, are as follows:

---

[4] This order should not be read as prejudicing Defendants' ability to recover these discovery related costs, if appropriate, at the close of the companion case.

| Subpoena Fees | $1,625.00 |
| --- | --- |
| Witness Fees | $360.00 |
| Transcript Costs | $3,203.09 |
| Deposition Costs | $0.00 |
| Exemplification, Printing, and Copying Costs | $0.00 |
| TOTAL | $5,188.09 |

IT IS SO ORDERED this 21 day of December 2018.

*Richard G. Andrews*
United States District Judge